IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARRELL WAYNE CHAPAROSA,<br>Plaintiff,<br>vs.<br>JAMES WESLEY HENDRIX,<br>Defendant. | CV 26-71-H-WWM<br>ORDER OF DISMISSAL |

Plaintiff Darrell Wayne Chaparosa ("Mr. Chaparosa") has filed a 42 U.S.C. § 1983 Complaint alleging violations of his constitutional rights. (Doc. 2). The Complaint fails to state a claim upon which relief can be granted and is dismissed.

I. STATEMENT OF THE CASE

Mr. Chaparosa is an inmate at Montana State Prison, he names Judge James Wesley Hendrix of the U.S. District of the Northern District of Texas as the sole defendant. (Doc. 2 at 1). Mr. Chaparosa asserts that he was illegally detained in Texas in 1997. In 2005, he filed a habeas petition in Defendant Hendrix's court. (Doc. 2 at 6). Mr. Chaparosa alleges that the petition was dismissed without prejudice on his own motion. (Doc. 2 at 7). He then attempted to reopen the case in 2026, and Defendant "refused." *Id.* Mr. Chaparosa alleges Hendrix has violated his First, Fourth, Fifth, and Eighth Amendment rights. (Doc. 2 at 8).

Mr. Chaparosa requests injunctive relief, in the form of reopening his petition and holding a hearing, and damages. (Doc. 2 at 10.)

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915

Mr. Chaparosa is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Mr. Chaparosa's Complaint suffers from two independent, fatal flaws and must be dismissed.

*A. Judge Hendrix has absolute judicial immunity.*

Judges are immune from suit under § 1983 for actions taken within the scope of their employment. Mr. Chaparosa cannot state claims against Judge Hendrix under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Mr. Chaparosa alleges, summarily, that Defendant's conduct was illegal, but he does not plausibly allege any facts to support that assertion. (Doc. 2 at 8). However, even if Hendrix's rulings were illegal, he is immune from any claim related to them. Mr. Chaparosa cannot state a § 1983 claim against Hendrix, due to his absolute immunity.

*B. Section 1983 is not a remedy for denial of a habeas petition.*

A civil rights complaint filed under 42 U.S.C. § 1983 provides a remedy for unconstitutional conditions of confinement or prison policies and procedures, while a habeas petition is used to seek release from prison or custody. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of habeas corpus"). To the extent Mr. Chaparosa seeks revival of his habeas petition, a § 1983 Complaint is not the appropriate remedy. To the extent he seeks reversal of Defendant Hendrix's rulings on his habeas petition, those claims can or could only be brought as appeals of the dismissals in the Fifth Circuit Court of Appeals. Mr. Chaparosa fails to state a § 1983 claim related to his habeas petition in Texas.

## III. CONCLUSION

Title 28 U.S.C. § 1915 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to

amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Amendment here would be futile. Therefore, the Complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED**:

Mr. Chaparosa's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. This dismissal counts as a strike within the meaning of 28 U.S.C. § 1915.

DATED this 6th day of November, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE